# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **BE LABS, INC.**, | ) |
| | ) Civil Action No. 1:18-cv-00624-RGA |
| Plaintiff, | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| **ADTRAN, INC.**, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF BE LABS, INC.'S ANSWER TO DEFENDANT ADTRAN, INC.'S COUNTERCLAIMS

Plaintiff Be Labs, Inc. ("Be Labs") responds to the counterclaims of Defendant ADTRAN, Inc. ("ADTRAN") filed on October 17, 2018 (ECF 10) by corresponding paragraph numbers as follows:

### DEFENDANT'S COUNTERCLAIMS

### NATURE AND BASIS OF ACTION

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the U.S. Patent Act, 35 U.S.C. § 1 et seq. ADTRAN requests declarations that: (1) ADTRAN does not infringe any valid and enforceable claim of U.S. Patent No. 7,827,581 ("'581 patent") or U.S. Patent No. 9,344,183 ("'183 patent," and together with the '581 patent, "patents-in-Suit"); and (2) the patents-in-suit are invalid and unenforceable.

**ANSWER:** The allegations of Paragraph 1 consist solely of a legal conclusion, to which no response is required.

## PARTIES

2. ADTRAN is a corporation organized and existing under the laws of Delaware and maintains its principal place of business at 901 Explorer Boulevard, Huntsville, Alabama 35806.

**ANSWER:** Be Labs admits the allegations of Paragraph 2.

3. On information and belief, Be Labs is a corporation organized and existing under the laws of New York that purports to have its principal place of business at 1285 Greenbriar Lane, North Belmore, New York 11710.

**ANSWER:** Be Labs admits the allegations of Paragraph 3.

## JURISDICTION

4. ADTRAN acknowledges that the Complaint purports to allege a claim for patent infringement under the patent laws of the United States, Title 35 of the United States Code, but ADTRAN denies that the Complaint states such a cause of action and denies that ADTRAN has or will commit any acts giving rise to such a cause of action.

**ANSWER:** The allegations of Paragraph 4 consist solely of a legal conclusion, to which no response is required. To the extent that Paragraph 4 is interpreted to contain any factual allegations, Be Labs denies them.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Be Labs admits the allegations of Paragraph 5.

6. This Court has personal jurisdiction over Be Labs by virtue of the fact that it has submitted to the jurisdiction of this Court by bringing the instant action.

**ANSWER:** Be Labs admits the allegations of Paragraph 5.

## VENUE

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

**ANSWER:** Be Labs admits the allegations of Paragraph 7.

## BACKGROUND

8. Be Labs purports to be the assignee of all right, title and interest in the patents-in-suit with the exclusive right to enforce them.

**ANSWER:** Be Labs admits the allegations of Paragraph 8.

9. Be Labs has incorrectly asserted that ADTRAN has infringed one or more claims of the patents-in-suit.

**ANSWER:** Be Labs denies the allegations of Paragraph 9.

10. ADTRAN has not and does not infringe any valid and enforceable claim of the patents-in-suit.

**ANSWER:** Be Labs denies the allegations of Paragraph 10.

11. Upon information and belief, all claims of the patents-in-suit are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

**ANSWER:** The allegations of Paragraph 11 consist solely of a legal conclusion, to which no response is required.

## COUNT I
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE PATENTS-IN-SUIT

12. ADTRAN realleges and incorporates its allegations in the foregoing paragraphs by reference herein.

**ANSWER:** Be Labs repeats and realleges its answers to Paragraphs 1–11 and as for its Answer to Paragraph 12 of this First Counterclaim.

13. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 et seq., concerning ADTRAN's non-infringement of the claims of the patents-in-suit.

**ANSWER:** Be Labs admits the allegations of Paragraph 13.

14. ADTRAN does not infringe any valid and enforceable claim of the patents-in-suit.

**ANSWER:** Be Labs denies the allegations of Paragraph 14.

15. ADTRAN's products do not infringe the claims of the patents-in-suit under a proper interpretation of the scope of the claims. Plaintiff's apparent interpretation of the scope of the claims is contrary to the intrinsic evidence of the patents. To take just one example, the specifications of the patents make clear that the system described therein receives and transmits both "video or audio signals" such as over-the-air or cable TV signals, on the one hand, and "broadband data" such as through ISDN or DSL, on the other hand, and that these signals are separate and distinct from one another. During the prosecution of the patents-in-suit, the applicant made numerous statements limiting its claim scope in this and other ways. However, ADTRAN's products do not transmit the claimed "video or audio signals" and also do not satisfy various other limitations of the claims.

**ANSWER:** Be Labs denies the allegations of Paragraph 15.

16. ADTRAN is entitled to a judicial declaration that it has not and does not infringe any valid and enforceable claim of the patents-in-suit asserted against it.

**ANSWER:** Be Labs denies the allegations of Paragraph 16.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY OF THE PATENTS-IN-SUIT

17. ADTRAN realleges and incorporates its allegations in the foregoing paragraphs by reference herein.

**ANSWER:** Be Labs repeats and realleges its answers to Paragraphs 1–16 and as for its Answer to Paragraph 17 of this Second Counterclaim.

18. There is an actual and justiciable controversy between the parties concerning the invalidity of the patents-in-suit for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

**ANSWER:** Be Labs admits the allegations of Paragraph 18.

19. The patents-in-suit are invalid as anticipated by and obvious over prior art, including, but not limited to, prior art listed on the face of the patents-in-suit and other prior art to be disclosed during discovery.

**ANSWER:** The allegations of Paragraph 19 consist solely of a legal conclusion, to which no response is required.

20. For instance, Plaintiff asserts infringement by ADTRAN's products apparently on the basis that they are allegedly "IEEE 802.11ac and 802.11n-compliant." Complaint (D.I. 1) ¶ 26. However, in the specifications and during prosecution of the patents-in-suit, the applicant admitted that then-available versions of the IEEE 802.11 specifications were prior art and distinguished them from the purported invention. However, Plaintiff now appears to assert infringement by devices that implement the IEEE 802.11 specifications. Therefore, under Plaintiff's own interpretation of the claims of the patents-in-suit, they are invalid over the IEEE 802.11 specifications available before the priority date of the patents-in-suit, by anticipation and/or obviousness standing alone or in combination with

5

other references. The claims of the patents-in-suit are also anticipated and/or rendered obvious by one or more additional prior art references and are thus invalid under 35 U.S.C. §§102 and/or 103.

**ANSWER:** Be Labs denies the allegations of Paragraph 20.

21. Additionally, particularly under Plaintiff's apparent interpretation of the claims of the patents-in-suit, the claims are invalid for failing to satisfy the definiteness, written description, and/or enablement requirements of 35 U.S.C. § 112.

**ANSWER:** The allegations of Paragraph 21 consist solely of a legal conclusion, to which no response is required.

22. For instance, the specifications of the patents-in-suit make clear that the system described therein receives and transmits both "video or audio signals" such as over-the-air or cable TV signals, on the one hand, and "broadband data" such as through ISDN or DSL, on the other hand, and that these signals are separate and distinct from one another. However, contrary to the disclosures of the specifications, Plaintiff has asserted infringement by ADTRAN's products, even though they receive and transmit only data, not the claimed "video or audio signals."

**ANSWER:** The allegations of Paragraph 22 consist solely of a legal conclusion, to which no response is required. To the extent Paragraph 22 is interpreted to contain any factual allegations, Be Labs denies them.

23. ADTRAN is entitled to a judicial declaration and order that the patents-in-suit asserted against it are invalid and unenforceable.

**ANSWER:** Be Labs denies the allegations of Paragraph 23.

**PRAYER FOR RELIEF**

WHEREFORE, ADTRAN asks this Court to enter judgment in ADTRAN's favor and against Be Labs by granting the following relief:

    a) Dismissing Be Labs' complaint against ADTRAN with prejudice, in its entirety;

    b) Declaring that ADTRAN does not and has not infringed any claim of the '581 patent and '183 patent asserted against it by Be Labs;

    c) Declaring that the claims of the '581 patent and '183 patent are invalid and/or unenforceable;

    d) Finding that this is an exceptional case under 35 U.S.C. § 285 and awarding ADTRAN its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes and rules in common law that would be appropriate, with pre- and post-judgment interest thereon; and;

    e) Granting Defendant such other and further relief as this Court may deem just and proper;

**ANSWER:** Be Labs repeats and readmits its answers to Paragraphs 1–23 and as for its Answer to the "Prayer for Relief." Be Labs denies that ADTRAN is entitled to any relief as requested in a)-e) of the section titled "Prayer for Relief" or that ADTRAN is entitled to any relief from Be Labs. To the extent that a)-e) of the section titled "Prayer for Relief" are interpreted to contain any factual allegations, Be Labs denies them.

## **PRAYER**

In addition to the relief requested in Be Labs, Inc.'s Complaint for Patent Infringement, Be Labs respectfully requests a judgment against ADTRAN as follows:

a. That ADTRAN take nothing against Be Labs in this action;

b. That the Court award Be Labs' costs and attorney's fees in defending against these Counterclaims; and

c. Any and all further relief for Be Labs as the Court may deem just and proper.

Dated: October 19, 2018　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ Stamatios Stamoulis
　　　　　　　　　　　　　　　　　　　Stamatios Stamoulis (#4606)
　　　　　　　　　　　　　　　　　　　Richard C. Weinblatt (#5080)
　　　　　　　　　　　　　　　　　　　Two Fox Point Centre
　　　　　　　　　　　　　　　　　　　6 Denny Road, Suite 307
　　　　　　　　　　　　　　　　　　　Wilmington, DE 19809
　　　　　　　　　　　　　　　　　　　Stamoulis@swdelaw.com
　　　　　　　　　　　　　　　　　　　Weinblatt@swdelaw.com

　　　　　　　　　　　　　　　　　　　/s/ Isaac Rabicoff
　　　　　　　　　　　　　　　　　　　Isaac Rabicoff
　　　　　　　　　　　　　　　　　　　(*Pro Hac Vice Admission Pending*)
　　　　　　　　　　　　　　　　　　　Kenneth Matuszewski
　　　　　　　　　　　　　　　　　　　(*Pro Hac Vice Admission Pending*)
　　　　　　　　　　　　　　　　　　　Rabicoff Law LLC
　　　　　　　　　　　　　　　　　　　73 W. Monroe St.
　　　　　　　　　　　　　　　　　　　Chicago, IL 60603
　　　　　　　　　　　　　　　　　　　isaac@rabilaw.com
　　　　　　　　　　　　　　　　　　　kenneth@rabilaw.com

　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff/Counterclaim*
　　　　　　　　　　　　　　　　　　　　*Defendant Be Labs, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the following counsel of record, who are deemed to have consented to electronic service are being served this 19th day of October, 2018, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first-class mail on this same date.

                                          */s/ Stamatios Stamoulis*
                                          Stamatios Stamoulis